# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:15CR3122 |
| vs. | |
| DAMIAN THOMPSON, | **FINDINGS, RECOMMENDATION AND ORDER** |
| Defendant. | |

The defendant has moved to suppress any and all evidence seized during the search of his home, computer equipment, and cell phone. ([Filing No. 29](#)). The defendant argues each warrant failed to establish probable cause. For the reasons discussed below, the motion to suppress and request for evidentiary hearing should be denied.

## BACKGROUND

The relevant facts from warrant application and warrant are as follows:

In early April of 2015, the Nebraska City Police Department ("NCPD") received complaints of suspected drug activity at 620 North 8th Street, Nebraska City, Nebraska. The citizen, who wished to remain anonymous, reported a high volume of traffic coming to and from the property. Thereafter, while on patrol, NCPD Sergeant Dana Schebaum personally observed suspected and previously convicted drug users going to and from the property.

On April 9, 2015, Trenton Jordan was arrested while in the possession of methamphetamine. Jordan informed NCPD that he had purchased the drugs from Trent Spidell at 602 North 8th Street. Jordan stated that while he was at that residence, he,

Spidell, and an unknown male, went into a trailer on the property, snorted some methamphetamine, and a portion of the drug was placed into a bag and sold to Jordan.. Officers later confirmed Jordan's presence at the residence.

On April 17, 2015, Schebaum applied for a search warrant from the County Court of Otoe County, Nebraska requesting the search of the 620 North 8th Street property. This property consists of not only a single-family home, but trailers, some (or all) of which were occupied by residents. Therefore, in addition to the house, the warrant application sought to search all "outbuildings and surrounding curtilage, any vehicles or trailers located at said residence and including the persons present at the property . . . ." ([Filing No. 30-1 at CM/ECF p. 1](#)). The NCPD requested permission to seize drugs, drug paraphernalia, and evidence of drug trafficking. Specifically, the request included the search and seizure of "cellular telephones, computers, tablets, gaming devices, and other electronic communication devises [sic] that may contain information pertaining to the purchase or sale of illegal drugs[.]" ([Filing No. 30-1 at CM/ECF p. 4](#)). Judge Steinheider issued a warrant authorizing the search.

During the warrant's execution, the officers entered and searched a trailer on the property where defendant Damian Thompson resided. Officer Coray Bell was searching the trailer when he heard a loud beep coming from a laptop computer. Bell went to power-down the device and seize it pursuant to the search warrant. On the computer screen, Bell saw pictures of child pornography depicting children in their mid-teens.

Based on Bell's observations, on May 22, 2015, NCPD sought a warrant to search the electronic devices seized from 620 North 8th Street. The search warrant application requested authority to seize all child pornography and related data found on the electronic devices. The application cited Nebraska State Statute 28-813.01 and 28-1453.02 as

providing the definition of "child pornography" as that term was used throughout the application.

The execution of the May 22, 2015 warrant uncovered over 5,000 images of child pornography on Defendant's electronic devices. Damian Thompson was arrested. On June 19, 2015, NCPD requested a warrant to search Thompson's cellphone seized incident to his arrest. The warrant requested call records, cell-site information, content of text messages, picture and video data, and other data stored on the cell phone for the purposes of seizing all child pornography on the device.

The defendant argues that all three warrants lacked probable cause and were thus invalid.

## LEGAL ANALYSIS

**1. April 17, 2015 Warrant.**

The defendant makes numerous arguments against the validity of the April 17, 2015 warrant: He states the warrant was overbroad and unsupported by probable cause linking his residential trailer to any criminal activity; the information contained in the warrant was not timely; and the search warrant did not detail the reliability of an informant and the factual basis of the information provided by the informant.

A valid search warrant must be based upon a finding by a neutral, detached judge that there is probable cause to believe evidence, instrumentalities, fruits of a crime, or contraband may be found in the place to be searched. [Walden v. Carmack, 156 F.3d 861, 870 (8th Cir. 1998)](citing [Warden v. Hayden, 387 U.S. 294 (1967)]). Probable cause can be found where, given the totality of the circumstances, "there is a fair probability that

contraband or evidence of a crime will be found in a particular place." Walden, 156 F.3d at 870 (quoting Illinois v. Gates, 462 U.S. 213, 232 (1983)).  Probable cause is "a fluid concept -- turning on the assessment of probabilities in particular factual contexts -- not readily, or even usefully, reduced to a neat set of legal rules."  Gates, 462 U.S. at 232.  Judges must read applications and affidavits with common sense and not in a grudging, hyper technical fashion.  United States v. Ventresca, 380 U.S. 102, 109 (1965).

Defendant does not argue that there was a total lack of probable cause to search the property at 620 North 8th Street.  He argues there was no probable cause to search Defendant's residential trailer on the property.

The property of 620 North 8th Street is a rental property labeled as a "single family home."  However, the property also contains at least one trailer that is used as a separate residence.[1]  Based on the information within the warrant, Jordan went to the property located at 620 North 8th Street, entered a trailer, snorted drugs, and bought some methamphetamine which was separated and placed into a bag for sale.  Applying a common sense interpretation of the warrant allegations, there was a fair probability that evidence of drug trafficking or contraband would be found in the trailer on the property.

The defendant challenges the reliability of the information within the warrant, arguing the information was derived in November of 2014 and was thus stale.  But the vast majority of the warrant information relating to drug sales at 620 North 8th Street was gathered in April of 2015.  November of 2014 is mentioned only once: The affiant attests that one resident of the property was found in the possession of methamphetamine and a stolen firearm in that month.  Even if the November 2014 information was redacted, the affidavit would still unquestionably support a finding of probable cause.

---

[1] The record does not clarify how many trailers, residential or otherwise, were located at 620 N. 8th Street.  But even if there are numerous trailers on the property, they never individually identified or distinguished.

Defendant also claims the information is unreliable because it arose from an anonymous report. Although an unidentified citizen provided the initial information and complaint, Schebaum confirmed the information and personally observed suspected and convicted drug users going to and from the residence after receiving the anonymous tip and before requesting a search warrant. "When an informant's information is at least partly corroborated, . . .'attacks upon credibility and reliability are not crucial to the finding of probable cause.'" United States v. Gladney, 48 F.3d 309, 313 (8th Cir. 1995) (citation omitted). The anonymous tip of a citizen prompted further law enforcement investigation, and that independent investigation corroborated the tip. The warrant application fully supports a finding of probable cause to search the property, including the trailer the defendant resided in, located at 620 North 8th Street.

Defendant argues the April 17, 2015 warrant was overbroad and lacked particularity. Warrants must "particularly describ[e] the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. This requirement exists to prevent "a general, exploratory rummaging in a person's belongings." Coolidge v. New Hampshire, 403 U.S. 443, 467 (1971). The particularity requirement ensures that a search is confined in scope to particularly described evidence relating to a specific crime for which there is a demonstrated probable cause. Id. The degree of specificity required is flexible, and may vary depending on the circumstances and the type of items involved. United States v. Davis, 542 F.2d 743, 745 (8th Cir. 1976).

The April 17, 2015 warrant authorized a search of the residence and "its outbuildings and surrounding curtilage, any vehicles or trailers located at said residence and including the persons present at the property . . ." for the purpose of searching and seizing items related to drugs and drug trafficking. (Filing No. 30-1 at CM/ECF p. 1). "[W]hen a warrant 'specifically mentions' certain structures, it 'authorizes a search of

these structures and, by implication, any other vehicles, structures, or property not noticeably separate from them.'" United States v. Pennington, 287 F.3d 739, 744-745 (8th Cir. 2002)(quoting United States v. Schroeder, 129 F.3d 439, 441-42 (8th Cir. 1997)).[2]  Therefore, the court finds the warrant issued on April 17, 2015 properly described the places to be searched and the items sought with sufficient particularity.

### 2. May 22, 2015 Warrant

Defendant argues there was no probable cause to issue the warrant signed on May 22, 2015, and the supporting affidavit omitted information.

As to the probable cause issue, the defendant argues the affidavit's conclusory language provided insufficient information to support a finding of probable cause. The defendant specifically argues the affidavit merely states that Bell saw child porn on the computer and did not (1) describe the ages of the individuals depicted or the acts they were performing, (2) provide a statement of the number of images seen, or (3) include copies of the images. Defendant alleges the affidavit was similarly silent as to how the officer knew what he saw was child pornography and why the affiant officer adopted Bell's observations.

"Probable cause . . . does not require evidence sufficient to support a conviction, nor even evidence demonstrating that it is more likely than not that the suspect committed a crime." United States v. Donnelly, 475 F.3d 946, 954 (8th Cir. 2007). The affidavit stated that as an experienced law enforcement officer, Bell recognized the pictures as

---

[2] Defendant does not argue that the warrant was overbroad for allowing the seizure of his electronic devices. Nevertheless, assuming the defendant had made this argument, it would be similarly unavailing as the warrant authorized the seizure of electronic devices which may have contained information related to drug trafficking. (See Filing No. 30-1 at CM/ECF p. 1). Moreover, once the officer saw an image of child pornography on the computer screen, evidence of criminal activity was in "plain view" on the computer, which authorized seizure of the computer.

child pornography and he identified the individuals as being in their mid-teens. Additionally, the affidavit attests that any use of the term "child pornography" was consistent with Nebraska's statutory definition of that term.

Officers are not required to submit evidence or copies of the images found and the court should not review the affidavit in such a hyper technical fashion. Bell recognized the images as child pornography based upon his experience as a police officer and with his knowledge of the applicable statutes. This information is sufficient to raise a fair probability that evidence of child pornography would be found on the computer. See United States v. Koelling, 992 F.2d 817, 822 (8th Cir. 1993)("Most minors look like minors and most adults look like adults, and most of the time law enforcement officers can tell the difference. The Constitution requires no greater precision."); see also United States v. Grant, 434 F. Supp. 2d 735, 745 (D. Neb. 2006) (Kopf, J.).

Defendant argues the affiant officer purposefully omitted information from the affidavit, but he concedes he is unaware of any omitted information (Filing No. 31 at CM/ECF pp. 4–5). "In order to be entitled to a hearing under Franks, the defendant must make a substantially preliminary showing of a false or reckless statement, or omission, and must also show that the alleged false statement or omission was necessary to the probable cause determination." United States v. Crissler, 539 F.3d 831, 833 (8th Cir. 2008) (quoting United States v. Milton, 153 F.3d 891, 896 (8th Cir. 1998)).

In officer's affidavit in support of the warrant application states:

> Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included every fact known to me concerning this investigation. I have set forth the facts that I believe are necessary to establish probable cause concerning evidence in violation of the laws of the State of Nebraska, to wit: Possession of Child Pornography, 28-813.01.

([Filing No. 30-2 at CM/ECF p. 10](#)).  The defendant presents nothing to indicate this statement is untrue.  Absent any evidence that material information was misrepresented or concealed by the officer when submitting the warrant application, the defendant's bare assertion that information was omitted is insufficient to support a <u>Franks</u> hearing.

### 3. The June 19, 2015 Warrant.

The defendant argues the June 19, 2015 warrant contained mere conclusions and insufficient facts for the magistrate judge to make a finding of probable cause.[3]

The affidavit indicated that pursuant to the execution of the May 22, 2015 warrant, NCPD located over 5,000 images of child pornography on the defendant's computer.  The warrant application sought permission to search Defendant's phone for evidence of child pornography after he was arrested.  Applying common sense, the court finds that the above information was sufficient to raise a fair probability that evidence of child pornography could also be found during a search of the defendant's phone.

### 4. Leon Good Faith Exception

Even if the court found that any of the warrants were deficient, each of the searches and seizures would still be valid under the <u>Leon</u> good-faith exception.

Under the good-faith exception to the exclusionary rule, evidence seized pursuant to a search warrant will not be suppressed if the executing officers' reliance upon the warrant was objectively reasonable.  [United States v. Leon 468 U.S. 897, 916 (1984).](#) The good-faith exception does not apply when 1) the judge issuing the warrant was

---

[3] The defendant also argues that the entirety of the May 22, 2015 and the June 19, 2015 warrants should be suppressed as fruit of the poisonous tree.  However, this argument lacks merit because each previous warrant was valid.

misled by an affiant's false statements; 2) the issuing judge wholly abandoned his or her judicial role; 3) the affidavit is so lacking in indicia of probable cause that official belief in its existence is entirely unreasonable; or 4) the warrant is so facially deficient that the officers cannot reasonably presume it to be valid. Id. at 923.

Thompson claims the Leon good-faith exception should not apply. He argues that Judge Steinheider wholly abandoned his judicial role when issuing the three warrants and acted as a mere rubber stamp to the police.

This court has recently addressed this argument in another case. (See United States v. Rios-Ramirez, 4:15cr3104JMG-CRZ). Similar to that case, Thompson provides no evidence to support this claim. There is no evidence of the issuing judge's mental processes or regular practice of issuing warrants, no evidence of bias, or a pattern of passively or automatically issuing warrants upon request. The defendant must present a threshold evidentiary showing that the issuing judge wholly abandoned his judicial role when issuing the warrants. Absent such evidence, his conclusory and wholly unsupported accusations of judicial misconduct do not merit consideration, much less a hearing.

Thompson argues the warrants were so lacking in probable cause that no officer could reasonably rely on them. For the reasons noted above, this court finds that as to all three warrants, there was sufficient information within the applications to support a finding of probable cause. The warrant applications were not deficient. The executing officers were entitled to rely on the warrants signed in response to those applications as properly issued court orders mandating a search of the property described and seizure of the items listed in the warrants. The officers' reliance on the warrants signed by Judge Steinheider was reasonable and the Leon good-faith exception applies.

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable Richard G. Kopf, Senior United States District Judge, pursuant to [28 U.S.C. § 636(b),](#) that the motion to suppress filed by the defendant ([Filing No. 29](#)) be denied in its entirety.

The defendant is notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

IT IS ORDERED that the jury trial of this case is set to commence before Richard G. Kopf, Senior United States District Judge, in Courtroom 1, United States Courthouse, Lincoln, Nebraska, at 9:00 a.m. on March 14, 2016, or as soon thereafter as the case may be called, for a duration of four (4) trial days. Jury selection will be held at the commencement of trial.

Dated this 19th day of February, 2016

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge