IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 4:15CR3122 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | AMENDED ORDER ON |
| DAMIAN THOMPSON, | ) | SENTENCING SCHEDULE |
| | ) | |
| Defendant. | ) | |
| | ) | |

IT IS ORDERED that the defendant's unopposed motion to continue sentencing motion deadline and sentencing hearing (filing no. 58) is granted.

IT IS FURTHER ORDERED that the following deadlines and hearing are reset in this case:

6.     **November 10, 2016**:

(a)  Any proposals to the probation office for community service, community confinement, intermittent confinement or home detention;

(b)  Motions to the court:

(1) for departure under the guidelines (including, but not limited to, motions by the government) ; and

(2) for deviation or variance from the guidelines as allowed by the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005) or its progeny;

(c)  Counsel's filing and serving on all other parties and the probation officer a written statement of position respecting each of the unresolved objections to the presentence report, including the specific nature of each objection to the presentence report.

(d)  If evidence is to be offered in support of or in opposition to a motion under subparagraph (b) of this paragraph or in support of or in opposition to an objection under subparagraph (c) of this paragraph 6, it must be: by affidavit, letter, report or other document attached to the statement of position or by oral testimony at the sentencing hearing.   If oral testimony is desired, a request must be made in the statement of position and the statement of position must reveal (1) the nature of the expected testimony, (2) the necessity for oral testimony, instead of documentary evidence, such as affidavits, (3) the identity of each proposed witness, and (4) the length of time anticipated for presentation of the direct examination of the witness or witnesses.  If a request for oral or documentary evidence is made by one party but not

by the adverse party, the adverse party within five working days thereafter may make a responsive request for oral or documentary evidence, setting out details in the same manner as required by this paragraph 6(d).

(e) Motions for departure should be supported by a brief that explains why the departure from the guideline sentencing range is justified by normal guideline departure theory. Motions for deviation or variance from the guidelines as allowed under Booker or its progeny should be supported by a brief that explains why a sentence other than that called for under the guidelines is justified by a principle of law that is different in kind or degree from the normal principles of law applied under a strict application of the guidelines.

(f) It is expected that any objection first raised in a party's statement of position will be addressed at the judge's discretion, and that no consideration will be given to any sentencing factor first raised after the filing of the written statement.

7.  **November 17, 2016**: Judge's notice to counsel of rulings, tentative findings, whether oral testimony is to be permitted, and how objections to tentative findings may be made; and

8.  The following procedures shall apply to objections to tentative findings:

(a) A written objection to tentative findings is not required if no evidence will be offered in support of the objection to tentative findings and no new substantial issue of law will be raised in support of an objection to tentative findings. In such a case, an oral objection to the tentative findings may be made at the time of sentencing.

(b) A written objection to tentative findings is required if evidence will be offered in support of the objection to the tentative findings or if a new substantial issue of law is raised in support of the objection to the tentative findings. If evidence will be offered in support of the written objection to the tentative findings, the written objection shall include a statement describing why an evidentiary hearing is required, what evidence will be presented, and how long such a hearing would take. If a new substantial issue of law is raised in support of the written objection to tentative findings, such an objection shall be supported by a brief. Unless the court orders otherwise, a written objection to the tentative findings will be resolved at sentencing in such manner as the court deems appropriate.

(c) Any written objection to tentative findings shall be filed no later than five business days prior to the date set for sentencing. If that is not possible due to the lack of time between the issuance of tentative findings and the sentencing hearing, the written objection shall be filed as soon as possible but not later than one business day prior to sentencing.

9.  **November 30, 2016 at 1:00 p.m.**: Sentencing before Judge Kopf in Lincoln, Courtroom #2.

      A probation officer must submit a sentencing recommendation to the sentencing judge no later than seven days before the sentencing hearing. The probation officer is directed to provide copies of any sentencing recommendation to counsel for the government and counsel for the defendant at the time the recommendation is submitted to the sentencing judge.

      DATED this 1st day of November, 2016.

                                      BY THE COURT:

                                    s/ *Richard G. Kopf*
                                    Senior United States District Judge